UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00637-MOC-DCK

| | | |
|---|---|---|
| AMY ELIZABETH ALLRED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| THE STATE OF NORTH CAROLINA | ) | |
| LISA V.L. MENEFEE | ) | |
| JANE HARPER | ) | |
| JAMES FAISON III | ) | |
| H. THOMAS JARRELL | ) | |
| NC DISTRICT COURT JUDGES | ) | |
| LINDSEY LUTHER | ) | |
| J.H. CORPENING II, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit. The court has carefully considered plaintiff's affidavit, which shows income that appears to be below the poverty level, no liquid assets with which to pay the fee immediately, and no stream of income from which to pay the fee in installments over time. See http://www.aspe.hhs.gov/poverty. The IFP request will be allowed.

A. Section 1915 Review

Where the court allows a plaintiff to proceed IFP, pursuant to 28 U.S.C. § 1915(e)(2) a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. Id. A *pro se* plaintiff's allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "unless

-1-

after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir.2003). *Pro se* filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir.1994).

### B. Plaintiff's Contentions

The court has closely considered the substantive allegations of the Complaint and determines that plaintiff has made the following allegations. Plaintiff is seeking to bring an action against state employees and state judicial officials who, she alleges, have engaged in depriving her (and all those similarly situated) of her right to maintain the care, custody, and control of her children "without affording her even minimal procedural protections guaranteed by the United States Constitution." Complaint at ¶1. While plaintiff is proceeding pro se, attachments to her Complaint as well as allegations contained in the pleading indicate that she is a licensed North Carolina attorney.

From what can be discerned from the 14-page Complaint and more than 200 pages of exhibits, plaintiff asks this federal trial court to declare the actions of a state court unconstitutional in its resolution of what appear to be ongoing or recently concluded domestic action(s) between plaintiff and her former spouse or spouses. Plaintiff takes issue with the decisions of a number of state-court judges in their conduct of proceedings, the notice the state courts have provided her, the fairness of hearings, and the resulting decisions of the state court. Of particular concern to plaintiff are decisions the state court has reached concerning child custody and the possession of a dog. Read liberally, plaintiff also takes issue with Gatekeeper Orders issued by the state court and

-2-

resolution of domestic violence complaints that apparently stem from what appears to be a contentious custody battle. For example, at one point in the pleadings, plaintiff contends that her own mother perjured herself in front of one state court, resulting in loss of custody of her dog.

In her prayer for relief, plaintiff asks the court to enjoin the defendants, strike the state-court orders, and declaring the state-court orders in her apparently ongoing state domestic action unconstitutional. She also seeks monetary relief and costs, as well as return of her dog.

### C. Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios." Id. at 327–28.

In conducting the frivolousness analysis, the Court of Appeals for the Fourth Circuit instructs that courts should "conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 257 (4th Cir.2004). The Nagy court held further that

> [t]he overriding goal in policing in forma pauperis complaints is to ensure that the deferred payment mechanism of § 1915(b) does not subsidize suits that prepaid administrative costs would otherwise have deterred. In implementing that goal, district courts are at liberty to consider any factors that experience teaches bear on the question of frivolity.

-3-

Id. The court must also consider whether plaintiff states a viable claim under § 1915(e)(2)(B)(ii). Even though the court applies the most liberal pleading standards to plaintiff's Complaint, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), allegations which are conclusory and do not allege enough specific facts to "raise a right to belief above the speculative level" or to satisfy this court that the claim for relief is plausible on its face must be dismissed. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-557 (2007). The court has reviewed this matter pursuant to 28 U.S.C. § 1915(e)(2)(B) and finds that this case must be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as this court lacks subject-matter jurisdiction.

A court must dismiss a matter if it determines it lacks of subject matter jurisdiction at any point in the proceeding. Fed.R.Civ.P. 12(h)(3). Jurisdiction in the federal courts may be based upon the existence of a federal question or upon diversity of citizenship. 28 U.S.C. §§ 1331, 1332. A court may consider subject matter jurisdiction as part of the frivolity review. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir.1999)(holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure.").

Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." Bowman v. White, 388 F.2d 756, 760 (4th Cir.1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. Lehigh Min. & Mfg. Co. v. Kelly, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982) ("The burden of proving subject matter jurisdiction ... is on the plaintiff, the party asserting jurisdiction."). The Complaint must

affirmatively allege the grounds for jurisdiction. Bowman, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3).

Here, plaintiff contends that this court has federal question jurisdiction over her claims and that her Complaint is brought pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201. While brought as a federal question, plaintiff's action is barred by the *Rooker–Feldman* doctrine. Under that doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (per curiam). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). For the Rooker–Feldman doctrine to apply, the party seeking relief in federal court must be seeking to "'reverse or modify' the state court decree." Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir.2006) (quoting Exxon Mobil, 544 U.S. at 284, 125 S.Ct. 1517). This court therefore must "examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the *Rooker–Feldman* doctrine does not apply." Davani v. Va. Dep't of Transp., 434 F.3d 712, 718 (4th Cir.2006) (footnote omitted).

As discussed above, plaintiff here seeks declaratory, injunctive, and monetary relief against state-court officials that would essentially set aside or reverse the decisions of the state courts by declaring their acts to be unconstitutional. Such a Complaint clearly seeks redress and reversal of state-court decisions. The *Rooker-Feldman* Doctrine prohibits the United States District Courts,

-5-

with the exception of habeas corpus actions, from "sit[ting] in direct review of state court decisions." Feldman, 460 U.S. at 483 n. 16. The doctrine precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts. Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. and N.J. Police Dep't, 973 F.2d 169, 177 (3d Cir.1992). The *Rooker-Feldm*an doctrine applies here and this court lacks subject-matter jurisdiction to sit in direct review of North Carolina's trial courts, which requires dismissal of this action.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) plaintiff's Motion to Proceed *In Forma Pauperis* (#2) is **GRANTED**, and the Complaint may be filed without prepayment of the filing fee or giving security therefor; and

(2) the issuance of process and service thereof is **CANCELLED,** and this action is **DISMISSED** for failure to state a cognizable claim under § 1915(e)(2)(B)(ii) and for want of subject-matter jurisdiction under the *Rooker-Feldman* Doctrine.

Signed: January 5, 2016



Max O. Cogburn Jr.
United States District Judge